UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL WILLIAM DEVELTER, | No. 2:22-cv-1389 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CRAVEN, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On October 19, 2022, the undersigned ordered plaintiff to provide a jail trust account statement and a complete in forma pauperis application. However, on October 17, 2022, plaintiff submitted the necessary documents, which was entered on the court docket on October 18, 2022, just before the October 19 order was docketed. Good cause appearing, the October 19, 2022 order is vacated. The undersigned finds that plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's inmate trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### Civil Rights Act

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### Plaintiff's Complaint

Plaintiff alleges the following. Defendant Officer Craven used excessive force during the arrest by knocking plaintiff's "Swiss Miss Can" containing plaintiff's money and Army D on the floor, chasing plaintiff into the bathroom, and used a 12 gauge shotgun and high voltage taser. Plaintiff's Sixth Amendment rights to plead not guilty under self-defense and Speedy Trial Act were violated. The superior court judge, the psychiatrist, and plaintiff's public defender violated plaintiff's Sixth Amendment rights by failing to have the indictment read to plaintiff, failed to give plaintiff a copy of the indictment within the time constraints of the Speedy Trial Act, and would not let plaintiff plead not guilty. Plaintiff was beaten up five times in jail by inmates.

As relief, plaintiff asks the court to dismiss his charges of assault on a peace officer, resisting arrest, threatening a peace officer and violating probation, and seeks release of plaintiff from jail. As defendants, plaintiff names Yolo County Sheriff's Officer Craven; Sacramento County Superior Court judge; Sacramento County Jail psychiatrist; and Public Defender Guy Danzolwitz.

### Discussion

#### Plaintiff's Claims Appear Barred

Plaintiff claims he was not permitted to plead not guilty, but also asks the court to dismiss the criminal charges of assault on a peace officer. Plaintiff's complaint does not specify whether plaintiff is currently serving a criminal sentence, or is presently awaiting trial, but this action is precluded for the following reasons.

////
////
////

If plaintiff is awaiting trial then, under Younger v. Harris, 401 U.S. 37 (1971),[1] a federal court may not interfere with the pending state criminal case. Younger abstention is required if four requirements are satisfied: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley, 546 F.3d at 1092 (citing Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (*en banc*), and AmerisourceBergen Corp. v. Roden ("ABC"), 495 F.3d 1143, 1149 (9th Cir. 2007) ). If plaintiff is awaiting trial, application of these factors would require this court to abstain from considering plaintiff's claims in this federal civil rights action, and thus require dismissal.

On the other hand, if plaintiff is currently serving time following a conviction, then this damages action alleging use of excessive force in response to plaintiff resisting arrest is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). A prisoner may not proceed under Section 1983 if a judgment favoring plaintiff "would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. If plaintiff is serving a sentence based on a challenged conviction, then he is foreclosed from proceeding in this damages action without proof that his conviction or sentence have been reversed, expunged or invalidated. Id. at 486-87.

Superior Court Judge

Plaintiff contends, inter alia, that the superior court judge failed to give plaintiff a copy of the indictment, did not read the indictment to plaintiff, would not let plaintiff plead not guilty, violated plaintiff's rights under the Speedy Trial Act, and would not let plaintiff call witnesses. (ECF No. 1 at 3-4.)

---

[1] "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008 (citations and fn. omitted). "[T]he Supreme Court has extended the doctrine to federal cases that would interfere with state civil cases and state administrative proceedings." Id. at 1982 (citing Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 627 (1986)).

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547 (1967). A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872). A judge's jurisdiction is quite broad. The two-part test of Stump v. Sparkman determines its scope:

> The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

Plaintiff's allegations as to the superior court judge fall within the course and scope of judicial duties, and plaintiff cannot state a claim against the judge because the judge is entitled to absolute immunity.

### Public Defender

Plaintiff claims that his public defender violated plaintiff's Sixth Amendment rights to have the indictment read to him, would not let plaintiff plead not guilty, and violated plaintiff's rights under the Speedy Trial Act.

As set forth above, in order to state a claim under section 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the act complained of was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. West, 487 U.S. at 48. Public defenders do not act under color of state law for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Because a public defender does not act under color of law, plaintiff cannot amend his complaint to state a cognizable § 1983 claim against the public defender.

### Psychiatrist

Plaintiff also alleges that the psychiatrist violated plaintiff's Sixth Amendment right to have the indictment read, refused to allow plaintiff to plead not guilty, and violated plaintiff's

5

rights under the Speedy Trial Act. (ECF No. 1 at 5.) However, such allegations pertain to issues in the courtroom as well as plaintiff's legal representation, not to a jail psychiatrist's obligation to provide mental health care. The undersigned finds that plaintiff's claims against the Sacramento County Jail psychiatrist are not plausible and are dismissed.

### Failure to Protect

Plaintiff also alleges that he was beat up five times in jail by inmates who disagreed with plaintiff's not-guilty plea. (ECF No. 1 at 5.)

Deliberate indifference to an inmate's health or safety may violate the Eighth Amendment or the Fourteenth Amendment. Which of those amendments applies to an inmate's claim depends on whether he was a convicted prisoner or was a pretrial detainee at the relevant time: a prisoner's claim arises under the Eighth Amendment's Cruel and Unusual Punishments Clause while a pretrial detainee's claim arises under the Fourteenth Amendment's Due Process Clause. The two amendments have different standards.

Deliberate indifference to a prisoner's health or safety needs violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). A defendant is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Id. at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If the defendant should have been aware of the risk, but was not, then he has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002). Negligence does not violate the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004).

On the other hand, a pretrial detainee's claim arises under the Fourteenth Amendment's Due Process Clause and is governed by an objective deliberate-indifference standard rather than the subjective one that applies to a prisoner's claim.

////

> [T]he elements of a pretrial detainee's [safety or] medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018). For the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" Id. (alteration in original) (quoting Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)). "[T]he plaintiff must 'prove more than negligence but less than subjective intent -- something akin to reckless disregard." Id. (quoting Castro, 833 F.3d at 1071).

It is unclear whether plaintiff can state a cognizable failure to protect claim. But plaintiff is granted leave to amend to identify the nature of his own custody, as well as to rectify the above described deficiencies, if he can.

Additional Admonition

Unrelated Claims

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). See also George, 507 F.3d at 607 ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v.

Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The October 19, 2022 order (ECF No. 20) is vacated.

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

4. Plaintiff's complaint is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original of the amended complaint.

Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 20, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/deve1389.14n