UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL WILLIAM DEVELTER,<br><br>          Plaintiff,<br><br>     v.<br><br>CRAVEN, et al.,<br><br>          Defendants. | No. 2:22-cv-1389 KJN P<br><br>ORDER |

Plaintiff is a former county jail inmate, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the court and is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Civil Rights Act

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Discussion

Plaintiff's amended complaint suffers from some of the same defects identified in the October 20, 2022 screening order. In his first claim, plaintiff again alleges that defendant Officer Craven used excessive force. While it appears plaintiff may be able to state a cognizable claim based on the alleged excessive force, plaintiff fails to provide sufficient facts;[1] for example,

---

[1] An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986), overruled on other grounds by Graham v. Connor, 490 U.S. 386 (1989); see also Byrd v. Phoenix Police Dep't, 885 F.3d 639, 641-42 (9th Cir. 2018) (pro se allegations that police officers "beat the crap out of" plaintiff and caused him severe injury enough to support a legally cognizable claim under § 1983). Excessive force claims which arise

plaintiff fails to provide the date of the use of force, the specific circumstances surrounding the use of force, whether plaintiff was arrested for a new violation or was violated on parole, and although he states he incurred a hospital bill for $811.00, he fails to set forth his specific injuries resulting from the use of force.

Plaintiff's second claim renewed his allegation that his Sixth Amendment rights to a fair and speedy trial were violated, purportedly by his public defender.  However, as plaintiff was previously informed, public defenders do not act under color of state law for purposes of § 1983.  (ECF No. 21 at 5) (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981).)  Plaintiff should not include such claim in any second amended complaint and should refrain from naming his public defender as a defendant.

In his third claim, plaintiff alleges his Eighth Amendment rights were violated when five inmates from the county jail beat plaintiff up one at a time.  Plaintiff states he only knows two of the defendants' names:  Jeffery Brewer and Moses.  However, because plaintiff did not identify the role or employer of such defendants, it is unclear whether they are inmates or sheriff's deputies.  Plaintiff is advised that fellow inmates do not act under color of state law, and therefore, absent facts not alleged here, plaintiff cannot state a cognizable civil rights claim against fellow inmates.  If plaintiff has named two sheriff's deputies, he must address the Eighth or Fourteenth Amendment elements identified in the October 20, 2022 screening order.  (ECF No. 21 at 6-7.)

---

in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard.  See Graham v. Connor, 490 U.S. 386, 394-95 (1989).

"To determine whether officers used excessive force during an arrest, courts balance 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" Luchtel v. Hagemann, 623 F.3d 975, 980 (9th Cir. 2010) (quoting Graham, 490 U.S. at 396).  In the Ninth Circuit, evaluation of an excessive force claim under Graham involves three steps:  (1) assessment of the severity of the intrusion on Fourth Amendment rights by evaluating the type and amount of force used; (2) evaluation of the government's interest in the use of force; and (3) balancing the gravity of the intrusion on the individual with the government's need for the intrusion.  Glenn v. Washington Cnty, 673 F.3d 864, 872 (9th Cir. 2011).  "The operative question in excessive force cases is 'whether the totality of the circumstances justifie[s] a particular sort of search or seizure.' " County of Los Angeles v. Mendez, 137 S. Ct. 1539, 1542 (2017) (alteration in original) (quoting Tennessee v. Garner, 471 U.S. 1, 8-9 (1985)).

As relief, plaintiff seeks dismissal of the underlying criminal charges he faces. Plaintiff is advised that he cannot seek such relief through a civil rights action. If he believes the Speedy Trial Act was violated, plaintiff may file a motion in his underlying criminal case. Once he is convicted, plaintiff may challenge the conviction through a petition for writ of habeas corpus filed in the appropriate state court. If plaintiff seeks money damages, he should so state.

Finally, as plaintiff was previously informed, he may pursue unrelated claims only if such claims involve the same defendants. (ECF No. 21 at 7-8.) As currently pled, plaintiff's amended complaint attempts to pursue three unrelated causes of action against different defendants. Plaintiff may only pursue one of these claims in this action and must pursue the other two claims in separate actions.

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court, however, grants leave to file a second amended complaint.

Leave to Amend

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

4

1978). Furthermore, vague, and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original or prior pleading is superseded.

Plaintiff must identify each named defendant and provide his or her employer for purposes of service of process.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint.

Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 20, 2023

deve1389.14amd

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE